**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JONATHAN HATCH,

Plaintiff,

v.

COLLEGE AVE STUDENT LOANS
and EQUIFAX INFORMATION
SERVICES, LLC

Defendants.

Case No. 25-cv-05710

Judge Mary M. Rowland

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Jonathan Hatch sues Defendants College Ave Student Loans and Equifax Information Services, LLC ("Equifax"). Plaintiff alleges negligent and willful violations of the Fair Credit Reporting Act ("FCRA") under 15 U.S.C. § 1681i(a) and 1681e(b). Defendant Equifax moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

For the reasons stated herein, Equifax's Motion to Dismiss [19] is granted.

## I. Background

The following factual allegations are taken from the operative complaint [15] and accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Additionally, because Defendants raise this motion under Rule 12(b)(6), the Court takes facts from "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and

1

information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

On December 27, 2019, Plaintiff Jonathan Hatch opened a student loan account with College Ave Loans. [15] at ¶ 15. On October 31, 2022, Plaintiff filed a petition for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the District of Idaho. *Id*. at ¶ 16. According to Plaintiff, the College Ave account ("the account") was discharged under Chapter 7 by the Bankruptcy Court on February 6. 2023. *Id*. at ¶¶ 19-20. After Plaintiff's bankruptcy discharge, Equifax began publishing inaccurate credit data on his report: (1) stating that the account was open and delinquent, (2) containing late payments from between November 2022 and January 2023, and (3) failing to include the account in bankruptcy on the Equifax consumer report. *Id*. at ¶¶ 22-23.

On November 22, 2024, Plaintiff disputed the account with Equifax, which responded with a stall letter requesting documents it had already received. *Id*. at ¶¶ 24-25. Plaintiff resent the dispute with Equifax on January 24, 2025, with all supporting documents, but Equifax responded again requesting documentation previously provided. *Id*. at ¶¶ 27-28. On July 24, 2025, College Ave sent Plaintiff a letter stating payment would resume on August 11, 2025. *Id*. at ¶ 30. That same day, Plaintiff obtained consumer reports from the three credit reporting agencies, including Equifax. *Id*. at ¶ 31. Experian and TransUnion reported the account as closed or discharged, whilst Equifax continued to report the account as open and delinquent. *Id*. at ¶¶ 32-33.

Equifax attached Plaintiff's November 2024 dispute letter that attached the Bankruptcy Court's discharge document (Exhibit A, 19-2, Bankruptcy Discharge Order) to its Motion to Dismiss [19]. The letter states "[Equifax is] reporting late payments and a balance owed on [Plaintiff's] student loan account. This is inaccurate because [Plaintiff has] been discharged through a Chapter 7 Bankruptcy from this account." *Id.* at 2. Attached to the dispute letter, the Bankruptcy Order states "[m]ost debts are covered by the discharge, but not all", and lists examples of debts that are not discharged, including "*debts for most student loans.*" *Id.* at 7. (emphasis added). Plaintiff submitted two other identical dispute letters, which Equifax also attached. *See also* (Exhibit B); (Exhibit C).

Equifax moves to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), arguing that Plaintiff's disputes to Equifax proffered a claim of inaccuracy that is not cognizable under the FCRA because it hinges on the application of the law of bankruptcy as it concerns student loans, which are outside the purview of a consumer reporting agency. [19].

## II.  Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing

3

that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### III.   Analysis

### Plaintiff's alleged inaccuracy does not state a cognizable claim against Equifax under the FCRA

Equifax argues that determining whether Plaintiff's College Ave account was discharged in bankruptcy requires application of law to fact, which is outside its purview as a credit reporting agency ("CRA"). [19] at 5-10. Plaintiff responds that whether Equifax's reinvestigation met the statutory threshold is a fact-intensive

4

inquiry not suited for adjudication at the pleading stage. [29] at 3-6. The Court agrees with Equifax.

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007); *see also* 15 U.S.C. § 1681(b). The statute therefore imposes distinct obligations on Credit Reporting Agencies (CRAs) such as Equifax. *See id.* at § 1681e(b) (requiring CRAs to follow "reasonable procedures to assure maximum possible accuracy" of information when preparing consumer reports); *see also* § 1681i (when a consumer disputes the accuracy of information with a credit reporting agency, that agency must "conduct a reasonable reinvestigation to determine whether the disputed information and record the current status of the disputed information, or delete the item from the file" within 30 days). To state a claim under either provision, a plaintiff must show his file contains factually inaccurate information. *Chuluunbat v. Equifax Info. Sols., Inc.*, 4 F.4th 562, 566–67 (7th Cir. 2021) ("A threshold requirement for claims under both sections is that there must be an inaccuracy in the consumer's credit report.") (referring to both § 1681e(b) and § 1681i).

Not all allegations of inaccuracy are cognizable under the FCRA's provisions. *Denan v. Trans Union LLC*, 959 F.3d 290, 292, 297 (7th Cir. 2020). The central question is "whether the alleged inaccuracy turns on *applying* law to facts or simply *examining* the facts alone." *Chuluunbat*, 4 F.4th at 568 (emphasis in original). Questions that "constitute legal determinations [are] solely within the purview of

5

courts, not CRAs." *Grenadyor v. Discovery Fin. Servs.*, 2024 WL 1254572, at *2 (N.D. Ill. Mar. 25, 2024) (citing *Chuluunbat*, 4 F.4th at 568 and *Denan*, 959 F.3d at 297).

A student loan is not discharged through Chapter 7 bankruptcy unless the debtor can show that its repayment would cause an undue hardship. 11 U.S.C. § 523(a)(8). A bankruptcy court must first make an undue hardship determination in an adversary proceeding. Fed. R. Bankr. P. 7001(6); *see also Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 450, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004) ("Unless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt").

The bankruptcy order attached to Plaintiff's dispute letters explicitly cautions that not all debts are included in bankruptcy, specifically highlighting student loan debt. Importantly, here, there is no indication that Plaintiff's student loan debt was discharged, nor that Plaintiff sought an undue hardship determination during his bankruptcy proceeding in the first instance. *Tenn. Student Assistance Corp.*, 541 U.S. at 450. Whether Plaintiff's student loan debts were discharged during his bankruptcy proceedings is an unresolved "legal question regarding the application of section 523(a)(8)(A)(i)". *Mader v. Equifax Info. Sols., Inc.*, 56 F.4th 264, 270 (2d Cir. 2023) (plaintiff failed to allege an inaccuracy within the plain meaning of section 1681(e)(b) and the unresolved legal question rendered his claim non-cognizable under the FCRA). This determination about Plaintiff's student loan debt is outside the purview of Equifax. *Chuluunbat*, 4 F.4th at 568; *see also Denan*, 959 F.3d at 297; *Williams v. Equifax*, 2025 WL 1733183, at *5 (N.D. Ga. June 17, 2025), *report and*

6

*recommendation adopted*, No. 1:24-CV-04152-LMM-RDC, 2025 WL 2146367 (N.D. Ga. July 15, 2025) (granting defendant's motion to dismiss because the purported inaccuracy regarding the status of the plaintiff's student loan debts would require the CRA to "step into the court's shoes to interpret section 523(a)(8)(A)(i))"); *Johnson v. TransUnion*, No. 122CV02533JPBJKL, 2023 WL 6035573, at *4 (N.D. Ga. Aug. 11, 2023), *report and recommendation adopted*, No. 1:22-CV-02533-JPB, 2023 WL 9315262 (N.D. Ga. Nov. 30, 2023) ("[T]he problem for Plaintiff is the accuracy of the [disputed student loan debt] hinges entirely on whether the debt was discharged in bankruptcy, which, under the circumstances of his case, presents a legal issue and, therefore, is not actionable under either § 1681e(b) or § 1681i.").

Put another way, to determine whether Plaintiff's College Ave account was discharged through bankruptcy proceedings, Equifax would have to delve into the dischargeability of student loans in bankruptcy. This application of law to facts is outside the competency of a CRA like Equifax. *Chuluunbat*, 4 F.4th at 568. Additionally, because the bankruptcy court did not find an undue hardship as to Plaintiff's student loans, "no reasonable procedures could have uncovered an inaccuracy in [plaintiff's] credit report" *Denan*, 959 F.3d at 296 (quoting *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008) ("If a court had ruled the [loans] invalid and Trans Union had continued to report it as a valid debt, *then* [plaintiffs] would have grounds for a potential FCRA claim.")) (emphasis in original). Absent an inaccuracy, Plaintiff cannot bring a claim under the FCRA. *Chuluunbat*, 4 F.4th at 566-67.

7

Accordingly, the FCRA claims (Count III-VI) are dismissed with prejudice.

## IV. Conclusion

For the stated reasons, Defendant's Motion to Dismiss [19] is granted. Counts III (negligent violation of 15 U.S.C. § 1681i(a)), IV (willful violation of 15 U.S.C. § 1681i(a)), V (negligent violation of 15 U.S.C. § 1681e(b)), and VI (willful violation of 15 U.S.C. § 1681e(b)) are dismissed with prejudice. Separately, the Court orders Plaintiff's counsel, Attorney Heather Hersh, to show cause on April 9, 2026 at 1:30 p.m. on why she should not be sanctioned pursuant to (1) Rule 11(b)(2), (2) 28 U.S.C. § 1927, and (3) the inherent power of the Court, for citing potentially non-existent cases to the Court in her opposition brief [29] and sur-reply [31]. Indeed, the Court is concerned that counsel has misled the Court in citing cases that are nonexistent, or at a minimum, has failed to diligently cite check her submissions. In the event that the Court has simply been unable to find the cited cases in its research, Plaintiff's counsel shall provide the Court with a true and accurate copy of *Horan v. Equifax Info. Servs., LLC,* No. 8:20-cv-02187-PWG, 2022 WL 2190906 (D. Md. June 17, 2022) and *Jones v. TransUnion, LLC,* No. 1:15-cv-00489, 2015 WL 7566685 (N.D. Ill. Nov. 24, 2015). If counsel is unable to do so, Plaintiff's counsel shall submit a sworn declaration explaining to the Court how the opposition brief and sur-reply were generated and how counsel came to locate *Horan* and *Jones*, by April 3, 2026. Show-cause hearing set for April 9, 2026, at 1:30 pm via Webex (https://us-courts.webex.com/join/mary_rowlandilnd.uscourts.gov).

E N T E R:

Dated: March 6, 2026

MARY M. ROWLAND
United States District Judge