**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JONATHAN HATCH,

Plaintiff,

v.                                                    Case No. 25-cv-05710

COLLEGE AVE STUDENT LOANS          Judge Mary M. Rowland
and EQUIFAX INFORMATION
SERVICES, LLC

Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Jonathan Hatch sues Defendants College Ave Student Loans (College

Ave"). Plaintiff alleges negligent and willful violations of the Fair Credit Reporting

Act ("FCRA") under 15 U.S.C. § 1681s-2(b). Defendant College Ave moves to dismiss

the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons

stated herein, College Ave's Motion to Dismiss [33] is denied.

## I.     Background

The Court assumes familiarity with the facts.[1] *See* [53] (granting Equifax's

motion to dismiss with prejudice). On December 27, 2019, Plaintiff Jonathan Hatch

opened a student loan account with College Ave Loans. [15] at ¶ 15. On October 31,

2022, Plaintiff filed a petition for Chapter 7 bankruptcy in the U.S. Bankruptcy Court

---

[1] The following factual allegations are taken from the operative complaint [15] and accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Additionally, because Defendant raises this motion under Rule 12(b)(6), the Court takes facts from "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). In this case that includes the bankruptcy court's order of discharge and Plaintiff's College Ave loan application.

1

for the District of Idaho. *Id*. at ¶ 16. According to Plaintiff, the College Ave account ("the account") was discharged under Chapter 7 by the Bankruptcy Court on February 6. 2023. *Id*. at ¶¶ 19-20.

Plaintiff alleges that he obtained a copy of his consumer report from Equifax in April 2025, where he discovered that College Ave had furnished inaccurate information regarding the student loan account. *Id*. at ¶ 36. Plaintiff then disputed the information with Equifax, which submitted an Automated Consumer Dispute Verification ("ACDV") to College Ave. *Id*. at ¶ 37. College Ave failed to conduct a reasonable investigation and did not correct or delete the disputed information and verified the reporting to Equifax as accurate. *Id*. at ¶ 38. This failure occurred twice. *Id*. at ¶¶ 39-45.

College Ave now moves to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), arguing that Plaintiff has failed to plead an alleged inaccuracy under the statute. [33].

## II. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all

2

well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### III.   Discussion

College Ave argues that Plaintiff has failed to allege any facts that his loan was dischargeable *or* discharged in bankruptcy and so he cannot plausibly allege an inaccuracy pursuant to FCRA. [34] at 5. Plaintiff responds that the complaint plausibly alleges an inaccuracy which is all that is required at this stage. [41].

To prevail on 15 U.S.C. § 1681s-2(b) claim, Plaintiff must make a threshold showing that College Ave provided incomplete or inaccurate information to Equifax. "That requirement can be satisfied by demonstrating the data furnished was (1)

3

patently incorrect, or (2) materially misleading, including by omission." *Frazier v. Dovenmuehle Mortg., Inc.*, 72 F.4th 769, 772 (7th Cir. 2023).

Plaintiff alleges that his student loan debt was discharged in bankruptcy. College Ave argues that student loans are presumptively not dischargeable in bankruptcy and Hatch "makes no allegations to refute the presumption that his student loan was not discharged." [34] at 7. College Ave then proposes a higher pleading standard for student loan cases in the context of FCRA. The Court sees no basis to adopt a higher pleading standard.

In dismissing Equifax from this case, with prejudice [53], the Court found that it was outside the purview of a *credit reporting agency* to determine if Plaintiff's student loan debt had in fact been discharged. The Court first acknowledged College Ave's point that student loans are "not discharged through Chapter 7 bankruptcy unless the debtor can show that its repayment would cause an undue hardship". 11 U.S.C. § 523(a)(8). A bankruptcy court must first make an undue hardship determination in an adversary proceeding. Fed. R. Bankr. P. 7001(6); *see also Tenn. Student Assistance Corp. v. Hood,* 541 U.S. 440, 450, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004) ("Unless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt")." [53] at 6.

Turning then to whether Hatch had alleged an inaccuracy pursuant to FCRA by Equifax, the central question is "whether the alleged inaccuracy turns on *applying* law to facts or simply *examining* the facts alone." *Chuluunbat v. Equifax Info. Sols., Inc.*, 4 F.4th 562, 568 (7th Cir. 2021) (emphasis in original). Questions that

4

"constitute legal determinations [are] solely within the purview of courts, not CRAs." *Grenadyor v. Discovery Fin. Servs.,* 2024 WL 1254572, at *2 (N.D. Ill. Mar. 25, 2024) (citing *Chuluunbat,* 4 F.4th at 568 and *Denan,* 959 F.3d at 297).

Whether Plaintiff's student loan debts were discharged during his bankruptcy proceedings is an unresolved "legal question regarding the application of section 523(a)(8)(A)(i)". *Mader v. Equifax Info. Sols., Inc.,* 56 F.4th 264, 270 (2d Cir. 2023) (plaintiff failed to allege an inaccuracy within the plain meaning of section 1681(e)(b) and the unresolved legal question rendered his claim non-cognizable under the FCRA). This Court concluded that the determination about Hatch's student loan debt is outside the purview of Equifax and thus could not, as a matter of law, constitute an inaccuracy. *Chuluunbat,* 4 F.4th at 568; *see also Denan,* 959 F.3d at 297; *Williams v. Equifax,* 2025 WL 1733183, at *5 (N.D. Ga. June 17, 2025), report and recommendation adopted, No. 1:24-CV-04152-LMM-RDC, 2025 WL 2146367 (N.D. Ga. July 15, 2025) (granting defendant's motion to dismiss because the purported inaccuracy regarding the status of the plaintiff's student loan debts would require *the CRA* to "step into the court's shoes to interpret section 523(a)(8)(A)(i))"); *Johnson v. TransUnion,* No. 122CV02533JPBJKL, 2023 WL 6035573, at *4 (N.D. Ga. Aug. 11, 2023), report and recommendation adopted, No. 1:22-CV-02533-JPB, 2023 WL 9315262 (N.D. Ga. Nov. 30, 2023) ("[T]he problem for Plaintiff is the accuracy of the [disputed student loan debt] hinges entirely on whether the debt was discharged in bankruptcy, which, under the circumstances of his case, presents a legal issue and, therefore, is not actionable under either § 1681e(b) or § 1681i.").

5

The question is whether this analysis applies to the *furnisher* of the alleged inaccuracy. The Court does not believe it does. In *Chuluunbat,* the Court, after finding that CRA's could not be held liable for an inaccuracy that involved interpreting legal rights to a debt and making legal judgments, then stated: "[t]he plaintiffs here are not left without recourse. They could confront the creditors who are in the best position to respond to assertions that they do not own the plaintiffs' debts." *Chuluunbat,* 4 F.4th at 569. This is dicta but this is what Hatch has done here. *See Brill v. TransUnion LLC,* 838 F.3d 919, 921 (7th Cir. 2016) (dismissing FCRA claims, 15 U.S.C. §§ 1681n(a), o(a), and p(a) against TransUnion, where TransUnion had asked Toyota to verify the accuracy of Brill's signature on the Toyota lease, because Toyota was in a better position to determine the validity of its own lease since the lease was created by Toyota and Toyota had been sued and settled).

The Court agrees that student loan debt is not discharged unless certain conditions are met. Because of that, Equifax cannot be held liable for an inaccuracy of Mr. Hatch's student loan debt because it requires making legal judgments. The Court acknowledges that the bankruptcy order attached to Plaintiff's dispute letters explicitly cautions that not all debts are included in bankruptcy, specifically highlighting student loan debt. Ex. A (Bankruptcy Discharge Order) at 2. According to the Complaint, the debt was discharged. It is a debt owed to College Ave. Unlike Equifax, College Ave would have had the opportunity to participate in the bankruptcy proceedings and would know whether the debt was discharged or not in bankruptcy. This would render the inquiry factual in nature. *Chuluunbat,* 4 F.4th at 569 ("If …

the legal ownership of their debts have been adjudicated, the investigation may have been factual in nature.").

At this early procedural stage, the Court declines to prematurely dismiss the claims against the furnisher. Certainly, the Court declines to require plaintiffs to plead "allegations to refute a presumption that a student loan was not discharged". Rule 12 does not require that. Accordingly, Plaintiff may bring his claims regarding College Ave's reporting of a disputed debt in violation of 15 U.S.C. § 1681s-2(b).

**Conclusion**

For the reasons stated herein, the Court denies College Ave's motion to dismiss [33].

E N T E R:

Dated: May 4, 2026

_Mary M Rowland_

MARY M. ROWLAND

United States District Judge

7